# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJINDER S., et al.,[1]<br>(A Numbers: 075-185-386; 075-185-387)<br><br>Petitioners,<br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 1:26-cv-02548-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**<br><br>(Doc. 1)<br><br><u>FIVE (5) DAY DEADLINE</u> |

Manjinder S. and Dalvinder S. are immigration detainees proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the legal issues raised by the petition. *See*, *e.g.*, *Singh v. Chestnut*, No. 1:26-CV-01055-DAD-CKD, 2026 WL 1758396, at *2 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, No. 1:26-CV-01055-DAD-CKD, 2026 WL 1805484 (E.D. Cal. June 23, 2026); *Ngugi v. Lyons*, No. 1:25-CV-01783-KES-EPG-HC, 2026 WL 807542, at *2 (E.D. Cal. Mar. 24, 2026), *report and recommendation adopted*, No. 1:25-CV-01783-KES-EPG (HC), 2026 WL 946905 (E.D. Cal. Apr. 8, 2026); *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025); *Potapov v. Noem*, No. 1:26-CV-01641-DAD-DMC (HC), 2026 WL 1510378, at *1 (E.D. Cal. May 28, 2026); *Garcia v. Chestnut*, No. 1:26-CV-03152-DAD-AC (HC), 2026 WL 1229008, at *2 (E.D. Cal. May 5, 2026); *Moore v. Andrews*, No. 1:26-CV-00444-DAD-AC (HC),

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

2026 WL 330630, at *1 (E.D. Cal. Feb. 6, 2026); *Garcia-Angarica v. Mullin*, No. 1:26-CV-03760-DAD-CKD (HC), 2026 WL 1432638, at *1 (E.D. Cal. May 21, 2026); *see also You v. Nielsen,* 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018). Respondents do not meaningfully engage with the Court's prior orders on this issue and contend only that "Respondents dispute all of Petitioners' arguments about the circumstances surrounding their arrests to execute their final orders of removal, the duration of their detention after the received a stay of removal, claimed violations of statutes, regulations, and due process." (Doc. 8 at 1).

Based upon a review of the briefing, the undersigned finds the following facts: Around 1993, Petitioners entered the United States. (Doc. 1 at 2). On October 2, 2025, Petitioners attended biometrics appointments with immigration officials connected to their pending petitions for Petitioners and their respective wives to adjust Petitioners' immigration status. (*Id.*). Respondents arrested Petitioners at this appointment. (*Id.*).

In light of the evidence that Petitioners were previously released, the undersigned incorporates and adopts the reasoning set forth in *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD (HC), 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), in which the court concluded that the arrest of the petitioner at an appointment associated with petitioner's adjustment of status application likely violated the INA and ordered immediate release as the appropriate remedy. Here, similarly, Petitioners were arrested at scheduled adjustment of status appointments. Accordingly, the undersigned recommends granting Petitioners' petition for writ of habeas corpus.

**RECOMMENDATION**

Accordingly, the undersigned hereby RECOMMENDS Petitioners' petition for writ of habeas corpus, (Doc. 1), be GRANTED as follows: (1) Respondents be ORDERED to immediately release Petitioners from Respondents' custody and (2) Respondents be ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain Petitioners, including at or near any future interview related to Petitioner's application for adjustment of status.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within five (5) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE